BENJAMIN B. WAGNER
United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-01349-LJO-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| APPROXIMATELY $9,500.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant approximately $9,500.00 in U.S. Currency (hereafter "defendant currency").

2. A Verified Complaint for Forfeiture *In Rem* was filed on July 31, 2009, seeking the forfeiture of the defendant currency, alleging the currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*., and is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

3. On August 3, 2009, in accordance with the Complaint, a Warrant for Arrest of Articles *In Rem* for the defendant currency was issued and duly executed on August 6, 2009.

///

1   4.  Beginning on August 6, 2009, for at least 30 consecutive days, the United States published notice of the forfeiture action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on October 16, 2009.

5.  In addition to the public notice of forfeiture having been completed, actual notice was personally served upon Navy Riel and Malay Phita Riel.  To date, only Navy Riel has filed a claim and answer to this action.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

6.  Claimant Navy Riel and potential claimant Malay Phita Riel represent and warrant that they are the sole owners of the defendant currency.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1.  The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2.  Judgment is hereby entered against Navy Riel, Malay Phita Riel, and all other potential claimants who have not filed claims in this action.

3.  Upon entry of a Final Judgment of Forfeiture, $4,750.00 of the defendant approximately $9,500.00 in U.S. Currency, together with any interest that may have accrued on the whole amount of the defendant currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4.  Upon entry of a Final Judgment of Forfeiture herein, but no later than 45 days thereafter, $4,750.00 of the defendant approximately $9,500.00 in U.S. Currency shall be returned to claimant Navy Riel through his attorney Anthony P. Capozzi, 1233 W. Shaw Avenue, Suite 102, Fresno, California 93711, (559) 221-0200.

5.  Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed.

1  The parties to this stipulation agree to waive the provisions of California Civil Code § 1542.

2      6.    Claimant Navy Riel and potential claimant Malay Phita Riel hereby waive any and all claim or right to interest that may have accrued on the defendant currency, or any portion thereof.

    7.    There was reasonable cause for the seizure and arrest of the defendant currency and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

    8.    All parties will bear their own costs and attorneys' fees.

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed July 31, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure of the defendant currency.

IT IS SO ORDERED.

**Dated:   June 2, 2010**                    **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE